## POWELL-HACKNEY GROCERY COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8815, 26653.   Promulgated March 17, 1952.

*George E. H. Goodner, Esq.*, and *Scott P. Crampton, Esq.*, for the petitioner.

*Roy A. Wentz, Esq.*, for the respondent.

OPINION.

HILL, *Judge:* Petitioner contests the respondent's disallowance of its claims for relief for the fiscal years ended June 30, 1941 to 1946, inclusive, under section 722 (b) (4) of the Internal Revenue Code. Petitioner originally claimed relief under (b) (5), but concedes on brief that it is not entitled to relief under that subsection.

The respondent's disallowance was based on the ground that petitioner was not committed to a change in the character of its business prior to January 1, 1940, and was, therefore, not entitled to relief. A large part of the evidence and considerable argument presented in the briefs of the respective parties are devoted to the commitment

issue. Since it is conceded that petitioner acquired on April 15, 1940, and within its base period, a new unit, the fact as to whether there was a commitment is unimportant in view of our decision in the case of *Wisconsin Farmer Co.*, 14 T. C. 1021, wherein we held that eligibility for relief under section 722 (b) (4) is initially established by the fact that the change in the character of the business occurred in the taxpayer's base period. (See also E. P. C. Ruling 45, September 19, 1950.) We have, therefore, found as a fact that petitioner changed the character of its business in its actual base period.

The establishment of eligibility for relief is but one of the factors to be considered. To obtain relief petitioner must also establish what would be a fair and just amount representing normal earnings to be used as a constructive base period net income for the purposes of an excess profits tax based on a comparison of normal earnings and earnings during an excess profits tax period.

In its applications for relief, petitioner claimed the amount of $37,674.61 as its constructive average base period net income for computing its excess profits tax. On brief filed herein, it claims the amount of $41,804.89 computed as follows: Petitioner determined from the stipulated figures shown in our findings of fact for the fiscal years ended June 30, 1936, to June 30, 1940, that the gross sales of the Hazard and Jackson stores were $3,629,097.86 and the net income $119,716.85 for the base period years 1936 to 1939, inclusive, resulting in a percentage of net profit to gross sales of .032988. It then applies such percentage to the assumed gross sales of the Lawrenceburg store of $30,000 per month for the 48 months of the base period years, or gross sales of $1,440,000, arriving at the figure of $47,502.72. This latter amount is then added to the figure $119,716.85, the so-called actual base period net income, resulting in a total reconstructed base period net income of $167,219.57, which amount divided by 4 equals the sum of $41,804.89. This latter amount petitioner contends is its reconstructed average base period net income.

The only evidence to support the assumed gross sales of the Lawrenceburg store of $30,000 per month is the opinions expressed by two of petitioner's officers. Their testimony, in substance, is to the effect that the former owner of the Lawrenceburg store was doing a gross business of $20,000 per month, and that they felt under their management the gross sales of $20,000 could be doubled. There is no factual evidence to show that at the time of the purchase of the Lawrenceburg store it was doing a gross business of $20,000 monthly. Nor is there any evidence as to what the Lawrenceburg store was earning in the base period years. J. A. Powell, who made an investigation of that store prior to its purchase and who rendered a written report to petitioner's officers, did not testify in these proceedings, nor was the report which he rendered offered in evidence.

Petitioner's treasurer testified that petitioner could not make any money on a store with gross sales of only $30,000 per month. He testified, "When a house gets as low as $30,000 you can't make any profit in your [*sic*] opinion," and, further on, "If I had thought we would do $30,000 we wouldn't have touched it because we know we can't make any money on a house that does $30,000 worth of business. We just wouldn't touch it." Despite this testimony that petitioner could not have made any money on monthly gross sales of $30,000, we are asked to determine a reconstructed base period net income on the basis of $30,000 average monthly gross sales at the average ratio of net profit to gross sales of petitioner's other two stores. There is no factual data to support the opinion expressed by the treasurer that the Lawrenceburg store would earn the average earned by the two other stores during petitioner's base period. He stated that his opinion was based on his 40 years' experience in the grocery business.

In the case of *Pabst Air Conditioning Corporation*, 14 T. C. 427, we said, at page 436:

> Though opinion evidence has been used in general on this subject, *East Texas Motor Freight Lines*, 7 T. C. 579, it is apparent that it must have basis in the evidence, *7-Up Fort Worth Co.*, 8 T. C. 52. Therein, much as in this case, an interested officer of the petitioner expressed the opinion that if the petitioner had been organized two years earlier the volume of sales would have been a certain figure. We said that the record did not support such opinion and quoted *Arden-Rayshine Co.*, 43 B. T. A. 314, that "the establishment of an ultimate fact requires something more than a mere statement of the conclusion of the fact sought to be proved." * * *

We think the above quotation is particularly appropriate here. Since the change in the character of business constituting a 722 (b) factor is the acquisition of another unit in a different locality in which petitioner had no prior experience, the opinion of the witness, unsupported by factual evidence that the additional unit would do a gross business double that done by the former owner and would earn the average of petitioner's other two stores, is insufficient evidence on which to predicate an ultimate finding of a reconstructed average base period net income.

Petitioner, in determining the base period net income of its two stores at Hazard and Jackson, Kentucky, has taken the gross sales and net profits for the fiscal years 1935 to 1940, inclusive, as set forth in our findings, and halved them. Such a method we think does not set forth accurately the gross sales and net income for the base period years. The only 6-month figures on sales and net income of the Hazard and Jackson stores in evidence are contained in schedules attached to the returns for the fiscal years ended June 30, 1936 and June 30, 1939. Examination of these actual 6-month figures indicate a variance from the figures resulting from the method used

by petitioner. There is no schedule in evidence showing the actual figures for the last 6 months of 1939. Therefore the petitioner's base period net income can not be accurately determined. Petitioner has not shown that the Lawrenceburg store could have operated at a profit under normal operating conditions as existed in the base period.

Petitioner argues that its tax returns for the years subsequent to January 1, 1940, show that the Lawrenceburg store did eventually average gross sales of approximately $40,000, as supporting the opinion expressed by petitioner's officers. Such data may not be taken into consideration. Section 722 (a) provides that in determining what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income, no regard shall be had to events or conditions existing after December 31, 1939, with certain exceptions not here applicable. *Dyer Engineer's, Inc.*, 10 T. C. 1265.

Petitioner argues that it is the duty of this Court to determine the constructive average base period net income. This is true where the evidence is sufficient to permit such a determination. We think that petitioner has clearly failed to present factual data upon which to predicate a proper constructive average base period net income. We have, therefore, found as an ultimate fact that petitioner has not established what would be a fair and just amount representing normal earnings to be used as a constructive average base period net income. The establishment of this requirement is essential to the granting of any relief. We therefore conclude that petitioner has not sustained its right to relief under section 722 of the Code in the excess profits tax years in question.

Having determined that petitioner has not established a right to any relief under section 722 of the Code, it is unnecessary for us to determine the effect of the destruction by fire of the additional unit subsequent to petitioner's base period years.

Reviewed by the Special Division.

*Decision will be entered that petitioner is not entitled to excess profits tax relief pursuant to section 722 of the Internal Revenue Code.*